The Honorable Jodie Mahony State Senator 106 West Main, Suite 406 El Dorado, AR 71730-5693
Dear Senator Mahony:
I am writing in response to your request for an opinion on the following questions:
 1. If a voter unknowingly votes on a ballot from a different precinct other than his own, would his vote count in the races where he was entitled to vote?
 2. What if the voter knowingly casts a challenged ballot at the incorrect polling location? Would the votes still count in the races where he was entitled to vote?
RESPONSE
I cannot state with certainty whether the votes would "count" under either of these scenarios because in large degree this requires factual speculation and may depend upon the particular context of the question. Assuming, however, that the voter under the first scenario is a registered voter in the county, then in my opinion all votes cast on his ballot should be counted by the election officials. The exclusion of any votes could only lawfully occur, in my opinion, through an election contest filed after the election. If the question is whether his vote would count in the event of an election contest, this could only be decided by the judge based upon the particular facts and circumstances before the court.
I am somewhat uncertain what you are asking under your second question because as explained below, a "challenged ballot" ordinarily would not be cast at the incorrect polling location. If you are referring to a voter who is challenged at the polling site by a candidate or his or her designated represented, it is my opinion that the election officials should count all votes cast by the voter if he is a registered voter within the county.
Question 1 — If a voter unknowingly votes on a ballot from a differentprecinct other than his own, would his vote count in the races where hewas entitled to vote?
It is difficult to address this hypothetical scenario in the abstract, without reference to particular facts and circumstances. Your question obviously raises the possibility that a vote will be cast in a race that the voter should not have voted in, or that the voter will not have the opportunity to vote in some race in his precinct, given the factual premise that votes are cast on a ballot from a different precinct. Only through sheer speculation could one predict the consequences of this scenario. As long as the voter is a duly registered voter within the county, however, it is my opinion that the election officials must count all votes cast on his ballot.
This conclusion follows from the fact that while a board of election commissioners is authorized to determine a voter's registration status (see, e.g., A.C.A. § 7-5-306, providing that a challenged ballot shall only be counted "upon verification of the voter's registration status"), I have found no authority for the proposition that a board may reject a ballot that is cast by a duly registered voter.[1] To the contrary, the general rule is that canvassing boards are not authorized to determine the legality or illegality of the votes cast at an election. 29 C.J.S.Elections § 237 (1) (1965).
Once the ballots are counted and the returns are made, those election returns are considered prima facie correct. See generally Phillips v.Earngey, 321 Ark. 476, 902 S.W.2d 782 (1995). I will not speculate as to any election contest scenarios, as this would depend entirely upon the particular surrounding circumstances. I will note, however, that as a general matter, the courts do not favor disenfranchising voters. SeeAshcraft v. Cox, 310 Ark. 703, 839 S.W.2d 219 (1992). It has also been stated that it is the province of courts to see that every legal vote cast is counted where the possibility exists. Cain v. Carllee,169 Ark. 887, 277 S.W. 551 (1925).
Question 2 — What if the voter knowingly casts a challenged ballot at theincorrect polling location? Would the votes still count in the raceswhere he was entitled to vote?
The "challenged ballot" procedure applies to one who is at the correct polling place according to his residence, but whose name is not on the precinct registration list and whose registration within the county cannot be verified by the election official at the time of the vote. See A.C.A. § 7-5-306 (Repl. 2000). The voter may vote a "challenged ballot" in that instance, which shall only be counted if the board of election commissioners, prior to certification of the election, can verify that the individual is a registered voter within the county. Id. Your question thus presupposes a scenario that the law does not contemplate. A voter who goes to the wrong polling location would presumably be directed to the correct one. See A.C.A. § 7-5-305 (a) (5) (C) (Supp. 2001). There would be no "challenged ballot" cast by the voter.
Because you have referred to a "challenged ballot," however, reference should perhaps be made to A.C.A. § 7-5-312 (Repl. 2000), which authorizes a candidate or his designated representative to be present within the polling site to observe voters "for the purpose of challenging any voter who appears for the purpose of casting a ballot." Id. at subsection (a). If a challenge is made under this provision, the ballot is to be separated so that the county board of election commissioners or a court may later determine "the right of [the] person to vote." Id. at subsection (b) (2). If your second question is referring to this procedure under § 7-5-312, I must note once again that the law does not contemplate a voter being permitted to cast a ballot at the wrong polling place. He would, instead, presumably be sent to the correct location. If this nevertheless occurs for some reason, it is my opinion that the election commission must, similar to its duty under A.C.A. § 7-5-306,supra, count all votes cast by the voter if he is registered to vote in the county. As noted above, if a person has registered at least thirty days before the election, he is qualified to vote. See n. 1, supra. He does not lose this right to vote, for purposes of the election commission's review under § 7-5-312, by voting at the wrong polling site. He obviously will be voting in the wrong precinct if he is at the wrong polling location, since the polling site is fixed for the precinct. See A.C.A. § 7-5-101 (Repl. 2000). But the voting precinct is irrelevant, in my opinion, for purposes of the election commission's ministerial function under § 7-5-312 in determining a person's right to vote at the election. See Meyers v. Jackson, 390 F.Supp. 37 (E.D. Ark. 1975) (holding the precinct durational residency requirement unconstitutional); see also generally State v. Craighead County Bd. OfElection Comm'rs, 300 Ark. 405, 410, 779 S.W.2d 169 (1989) (a county board of election commissioners is a "ministerial entity").
If your second question is, instead, intended to be a restatement of the first question, with the only difference being that the voter knowingly votes the wrong ballot, i.e., he is a duly registered voter but heknowingly votes on a ballot from a different precinct, then it is my opinion that the discussion above in response to your first question applies here as well. The election officials should count all votes cast on his ballot because they lack the authority to not count the ballot of a registered voter. I cannot speculate regarding the exclusion of any votes through an election contest.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] A person is qualified to vote if he has registered at least thirty days immediately prior to the election. A.C.A. § 7-5-201 (Repl. 2000).